UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Joseph Thomas Randolph, | ) | C/A No. 5:23-cv-00231-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| The State, SCDPPPS, Agent Kelton McKnight, Agent Ayqwna Deas, Supervisor for Both Agents, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On February 1, 2023, the Magistrate Judge directed Plaintiff to submit certain documents to bring this action into proper form for further evaluation and possible service of process. ECF No. 10. Plaintiff failed to respond to the order. On May 24, 2021, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 16. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections

to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections, and the time to do so has passed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. Accordingly, the Court adopts the Report by reference in this Order. This action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] Both the proper form order and the Report were returned as undeliverable. As noted by the Magistrate Judge, it appears Plaintiff is no longer in the custody of the South Carolina Department of Corrections. As he has not updated his address, the Court has no way to contact him concerning his case.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 5, 2023
Spartanburg, South Carolina